## KIBBY ET AL v. COLD ET AL.

1. **Trust**: EVIDENCE ESTABLISHING: TITLE TO REAL ESTATE. Upon consideration of the evidence in this case, (see opinion,) *held* that it justified the court below in concluding that the real estate in question was purchased by plaintiffs' ancestor, but that the title was wrongfully taken to one of defendants, and that he was rightfully decreed to hold it in trust for plaintiffs, and to convey it to them, and to account for the rents and profits.

*Appeal from Shelby District Court.*

FRIDAY, JUNE 6.

ACTION in chancery, wherein plaintiffs claim that certain real estate, the title of which is in one of the defendants, is in law held in trust for them, and ask a decree so declaring, as well as requiring a conveyance of the property to them, and an accounting for the rents. Ths relief sought by plaintiffs was allowed by the decree of the district court, from which defendants appeal.

*Smith & Cullison* and *D. S. Irwin*, for appellants.

*Platt Wicks* and *Macy & Gammon*, for appellees.

BECK, J.—I. The plaintiffs are the heirs of George Kibby, deceased, who, they allege in their petition, entered into a written contract with the Western Town Lot Company to purchase a lot in the town of Irwin. By the terms of the contract, an installment of the purchase-money was to be paid upon the execution of the contract, and upon the payment of other installments and the erection of a building upon the lot, a deed was to be executed for the property. After a certain installment was paid and the building was erected, Kibby died. The contract for the purchase of the lot fell into the hands of defendants, or some one of them, who, it is alleged, fraudulently caused an assignment thereof to be forged, trans-

ferring the contract to C. J. Kimball, one of the defendants. Under this assignment, a deed was procured to the defendant just named, executed by the Town Lot Company.

The defendants claim that W. P. Kimball, one of their number, made the contract for the purchase of the lot in the name of one of the plaintiffs, a son of George Kibby, and bearing the same name, and that the assignment of the contract was made by him. They claim that the payments provided by the contract were made by this defendant, or one of the other defendants, to whom the deed was made by the Town Lot Company. The plaintiffs admit that all the payments had not been made by their ancestor before his death, but they tender payment of the amount he should have paid.

II. The controlling question in the case is one of fact. It is this: Was the contract and purchase of the lot made by W. P. Kimball in his own right, or were they made by or for George Kibby, deceased? The evidence is conflicting. W. P. Kimball testifies positively in support of his theory of the case, and is supported by several witnesses. The plaintiff, George Kibby, claims positively that the land was purchased in his name as testified by Kimball, and positively denies that he executed the assignment on the contract. The weight of testimony so far is decidedly with defendants. But the scale is turned upon the consideration of other matters, which may be briefly stated.

III. George Kibby, the father, in his life-time, and W. P. Kimball entered into a contract, whereby the first named was bound to furnish a store building, and an amount of money to be expended in the purchase of a stock of merchandise, to be used in establishing a business which should be conducted by Kimball. The building erected on the lot in controversy was used in the business contemplated by this contract and carried on thereunder. Kimball had charge of the business, and it does not appear that he claimed before Kibby's death that the contract had not been fully complied with. The purchase of the lot by Kibby, and the removal of a building there-

on, which was done, was in accord with the requirements of the contract. This is a circumstance strongly supporting plaintiffs' theory of the case. Defendants' claim, that the contract was made in the name of young George Kibby, at the time a minor, utterly lacks the support of reason. We have heard no sensible explanation of such an act. It is said that defendant, W. P. Kimball, wished to put the property out of the reach of a creditor. But no reason is given why he chose the minor for a fence.

In support of plaintiffs' theory of the transaction, it is shown that Kimball admitted to more than one witness that Kibby, senior, purchased the property. Considering all the facts and circumstances, we reach the conclusion that the lot was purchased by plaintiffs' ancestor, and that they are entitled to the relief awarded to them by the district court.

To discuss fully the evidence in the case, and reply to the positions relied upon by defendants' counsel, would require a prolix opinion that would, without profit to any one, occupy great space in our records and reports. It has not been our habit to discuss the evidence in cases of the kind, where facts only are involved. For this reason we dispose of the case with the foregoing brief consideration.

AFFIRMED.